```
_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

AUG 4 2009     DJ

            AT SEATTLE
     CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                      DEPUTY
```

**09-CV-01109-CMP**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION

NIKOLAY KOZLOV and NATALIYA KOZLOVA, husband and wife,

                    Plaintiffs,

vs.

FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for WESTSOUND BANK; WSB FINANCIAL GROUP, INC., a Washington State corporation; ALEKSANDR KRAVCHENKO, a former resident of the State of Washington; and PAUL FJELSTAD, Trustee,

                    Defendants.

NO. **CV9 1109** RSM

FEDERAL DEPOSIT INSURANCE CORPORATION RECEIVER'S NOTICE OF REMOVAL

## ORIGINAL

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON SEATTLE DIVISION:**

PLEASE TAKE NOTICE that the Federal Deposit Insurance Corporation, as Receiver for Westsound Bank ("FDIC-R"), by and through its attorneys of record, Garvey Schubert Barer, hereby removes to this Court the state court action described below pursuant to 12 U.S.C. § 1819(b)(2)(B).

FEDERAL DEPOSIT INSURANCE CORPORATION
RECEIVER'S NOTICE OF REMOVAL - 1
SEA_DOCS:933351.1 [30351-02100]

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

## I.    BACKGROUND

1.    The Federal Deposit Insurance Corporation ("FDIC") is a corporation organized under the laws of the United States of America. 12 U.S.C. § 1811, et seq. The FDIC appears in this action in its receivership capacity, under 12 U.S.C. § 1821(c). The FDIC has the power to sue and be sued, complain and defend in any court of law or equity, State or Federal. 12 U.S.C. § 1819(a). Cases involving the FDIC should generally be heard in and decided by the federal courts. *FDIC v. Nichols*, 885 F.2d 633, 636 (9th Cir. 1989).

2.    On Friday, May 8, 2009, Westsound Bank, Bremerton, Washington, was closed by the Washington Department of Financial Institutions ("WDFI"). The FDIC was appointed Receiver by WDFI on May 8, 2009. The FDIC-R accepted the appointment as Receiver pursuant to 12 U.S.C. §1821(c)(3). Pursuant to 12 U.S.C. §1821(d)(2), the FDIC-R by appointment, and by operation of law, succeeds to "all rights, titles, powers, and privileges" of Westsound Bank.

3.    The Complaint in this action was filed on April 16, 2009 in King County Superior Court as Case No. 09-2-16144-5.

4.    Attached hereto and marked as Exhibits A and B are true and correct copies of the following:

Exhibit A – Summons and Complaint

Exhibit B – Order Granting Motion to Substitute FDIC Receiver for Defendant Westsound Bank

5.    On July 13, 2009, the FDIC-R filed a motion for an order substituting the FDIC-R as the real party in interest in place of Westsound Bank. On July 21, 2009, the Honorable Richard F. McDermott of the King County Superior Court entered an Order granting FDIC-R's Motion to Substitute Party ("ORDER").

## II.    JURISDICTION AND VENUE

6.    This is a civil action of which this Court has original subject matter jurisdiction,

FEDERAL DEPOSIT INSURANCE CORPORATION
RECEIVER'S NOTICE OF REMOVAL - 2
SEA_DOCS:933351.1 [30351-02100]

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

1    and is an action that may be removed to this Court by the FDIC-R pursuant to the provisions of

2    12 USC §1819(b)(2), which reads in pertinent part as follows:

3           (A)    IN GENERAL. – Except as provided in subparagraph (D), all suits

4           of a civil nature at common law or in equity to which the Corporation, in any capacity,

5           is a party shall be deemed to arise under the laws of the United States.

6           (B)    REMOVAL. - Except as provided in subparagraph (D), the

7           Corporation may, without bond or security, remove any action, suit, or proceeding from

8           a state court to the appropriate United States District Court before the end of the 90-day

9           period beginning on the date the action, suit, or proceeding is filed against the

10          Corporation or the Corporation is substituted as a party.

11          . . .

12          7.    Westsound Bank was a state chartered bank with deposits insured by the FDIC.

13   The disposition of this action raises the interpretation of federal laws in the defense of claims

14   asserted against the FDIC-R.  FDIC-R contends, without limitation, that the administrative

15   claims process applicable to this lawsuit, to be followed by the plaintiffs and FDIC-R, is set

16   forth in 12 USC §§ 1821(d)(3) – (13), and that to decide the case, this court must interpret

17   federal law.  The FDIC further contends, without limitation, that the provisions of 12 USC §

18   1823(e) are implicated by the allegations in the plaintiff's complaint against the FDIC-R, and

19   that to decide the case, this court must interpret federal law.

20          8.    Westsound Bank's principal place of business was in Bremerton, Washington.

21   Venue for this action is therefore only within the jurisdiction of the United States District Court

22   wherein Westsound Bank's principal place of business was located, which is the United States

23   District Court for the Western District of Washington Seattle Division, or the United States

24   District Court, District of Columbia.  12 U.S.C. § 1821(d)(6)(A).  Thus, this District and

25   Division is the proper venue for removal.

26

FEDERAL DEPOSIT INSURANCE CORPORATION
RECEIVER'S NOTICE OF REMOVAL - 3
SEA_DOCS:933351.1 [30351-02100]

GARVEY  SCHUBERT  BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

1   **III.   TIMELINESS OF REMOVAL**

2         9.     Removal must be effected by the FDIC-R "before the end of the 90-day period

3   beginning on the date . . . the Corporation is substituted as a party." 12 U.S.C. § 1819(b)(2)(B).

4   Pursuant to the ORDER, FDIC-R was substituted as the real party in interest in place of

5   Westsound Bank on July 21, 2009.  FDIC-R has ninety (90) days from entry of the ORDER in

6   this matter (i.e. until October 19, 2009) to remove this case to the federal court.  This removal

7   is therefore timely.

8

9        DATED this 4 4 day of August, 2009.

10                                  GARVEY SCHUBERT BARER

11

12                           By _____

13                              Bruce A. McDermott, WSBA #18988
                                Attorneys for Federal Deposit Insurance

14                              Corporation, acting as Receiver for
                                Westsound Bank

15                              1191 Second Avenue, 18th Floor
                                Seattle, WA 98101

16                              206-464-3939

17

18

19

20

21

22

23

24

25

26

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1

CERTIFICATE OF SERVICE

2   I, Karen Shelton, certify under penalty of perjury under the laws of the State of

3 Washington that, on August __4__, 2009, I caused to be served on the person(s) listed below

4 in the manner shown:

5   FEDERAL DEPOSIT INSURANCE CORPORATION RECEIVER'S NOTICE OF

6 REMOVAL

7

8

<u>Counsel for Plaintiffs</u>     <u>Counsel for Defendant Paul Fjelstad</u>
Edward L. Mueller       John Mitchell

9 Mueller & Associates, Inc., PS   Sanchez, Mitchell & Schock
2050 – 112th Avenue NE, Suite 110  4110 Kitsap Way, Suite 200

10 Bellevue, WA  98004     Bremerton, WA  98312
Fax (425) 457-7601      Fax (360) 479-3983

11 &#9746; United States Mail, First Class

12 &#9744; By Legal Messenger

13 &#9746; By Facsimile

&#9744; By E-Mail

14

15 Dated at Seattle, Washington this __4th__ day of August, 2009.

16

17         Karen Shelton

18

19

20

21

22

23

24

25

26

FEDERAL DEPOSIT INSURANCE CORPORATION
RECEIVER'S NOTICE OF REMOVAL - 5
SEA_DOCS:933351.1 [30351-02100]

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

# EXHIBIT A

FILED

09 APR 16 PM 3:10

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

RICHARD F. McDERMOTT

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Nikolay Kozlov and Nataliya Kozlova, husband and wife,<br><br>                                   Plaintiffs,<br><br>vs.<br><br>Westsound Bank, a Washington State chartered bank; WSB Financial Group, Inc., a Washington State corporation; Aleksandr Kravchenko, a former resident of the State of Washington, and Paul Fjelstad, Trustee<br><br>                                   Defendants. | 09-2-16144-5 KNT<br><br>No. _____<br><br>SUMMONS<br><br>[20 DAY]<br><br>**ORIGINAL** |

TO: Westsound Bank, WSB Financial Group, Inc., and Paul Fjelstad, Trustee, Defendants:

A lawsuit has been started against you in the above entitled court by the Plaintiffs

Nikolay Kozlov and Nataliya Kozlova, named above.  Plaintiffs claims are stated in the

Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating

your defense in writing, and serving a copy upon the undersigned within 20 days after the

service of this Summons, excluding the day of service, (or within 60 days after service of this

SUMMONS                    - Page 1 -

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
(425) 457-7200; (425) 457-7961 (FAX)

1  Summons, if served outside the State of Washington) or a default judgment may be entered

2  against you without notice.  A default judgment is one where Plaintiff is entitled to what it

3  asks for because you have not responded.  If you serve a Notice of Appearance on the

4  undersigned, you are entitled to notice before a default judgment may be entered.

5       This lawsuit has been filed, and you will receive with it an Order Setting Case

6  Schedule.

7       If you wish to seek the advice of an attorney in this matter, you should do so promptly

8  so that your written response, if any, may be served on time.

9       This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

10  State of Washington.

11       DATED this 16th day of April 16, 2009.

12                          MUELLER & ASSOCIATES, Inc. P.S.

13                          *Edward L. Mueller*
                           Edward L. Mueller, WSBA # 264
14                          Attorney for Nikolay Kozlov and
                           Nataliya, Kozlova, Plaintiffs
15

16

17

18

19

20

21

22

SUMMONS                     - Page 2 -

FILED

09 APR 16 PM 3: 10

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

RICHARD F. McDERMOTT

### IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Nikolay Kozlov and Nataliya Kozlova, husband and wife,<br><br>                                   Plaintiffs,<br><br>                vs.<br><br>Westsound Bank, a Washington State chartered bank; WSB Financial Group, Inc., a Washington State corporation; Alex Kravchenko, a former resident of the State of Washington, and Paul Fjelstad, Trustee<br><br>                                   Defendants. | 09-2-16144-5 KNT<br>No. _____<br><br>Complaint for Damages and Rescission for Violation of Federal Laws Concerning Mortgage Lending Practices and Disclosures, Violation of Washington State Law Related to Mortgage Brokers and Commercial Bribery and Violation of the Federal RICO Act<br><br>**ORIGINAL** |

Nikolay Kozlov and Nataliya Kozlova, husband and wife, Plaintiffs, state their claims

as follows against Westsound Bank, a Washington State chartered bank; and its parent

corporation, WSB Financial Group, Inc., a Washington State corporation; and Aleksandr

Kravchenko, a former resident of the State of Washington, Defendants, and Paul Fjelstad,

trustee of a certain Deed of Trust recorded in King County records, King County Recording

No. 20060816001364:

**Complaint**                              - Page 1 -

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2068 – 112th Avenue N.E, Suite 110
Bellevue, Washington 98004
(425) 457-7600; (425) 457-7601 (FAX)

# I. PARTIES, JURISDICTION AND VENUE.

### 1.1. Nikolay Kozlov and Nataliya Kozlova, Plaintiffs.

Nikolay Kozlov and Nataliya Kozlova, Plaintiffs, are husband and wife and residents of Tacoma, Pierce County Washington, and have been at all time relevant to the claims hereinafter started. Plaintiffs' first language is Russian, and although they can speak and understand some elementary English, their knowledge of English vocabulary and grammar is limited. Plaintiffs own two parcels of real property in the City of Auburn, King County, Washington that are described hereinafter in this complaint. Nikolay Kozlov and Nataliya Kozlova met with representatives of Defendant Westsound Bank and Defendant Aleksandr Kravchenko in the branch office of Westsound Bank in Federal Way, King County, Washington to arrange for the loans which are part of subject matter of this lawsuit. The loans were secured by real property located in King County, and described and referred to in Paragraphs 2.1 and 2.2 below, as well as other paragraphs below. A part of the relief requested hereinafter is rescission of the deed of trust which encumbers the parcel of real property in King County that secures the payment of the first loan.

### 1.2. Westsound Bank, Defendant.

Westsound Bank, Defendant, is a Washington State chartered bank that is subject to regulation by the Washington State Department of Financial Institutions and by the Federal Deposit Insurance Commission (FDIC). Westsound Bank is a wholly owned subsidiary of WSB Financial Group, Inc., Defendant, a Washington State corporation. Westsound Bank does business in King County through its branch office in Federal Way, King County and all activities by which Plaintiffs did business to obtain the loans with Westsound Bank occurred through the bank's Federal Way branch office.

Complaint                    - Page 2 -

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
(425) 457-7600; (425) 457-7601 (FAX)

**1.3.  <u>WSB Financial Group, Inc., Defendant.</u>**

WSB Financial Group, Inc., Defendant, is a Washington State corporation that does business through its wholly owned subsidiary, Westsound Bank, Defendant, in King County, well as other counties in Washington.  At all times relevant to the making and approval of the two loans that are part of the subject matter of this lawsuit, the officers of WSB Financial Group, Inc. and Westsound Bank were the same.  Based on Plaintiffs' claims hereinafter stated, Plaintiffs reasonably believe that one or more of the officers of Westsound Bank knew of the facts that support Plaintiffs' claims hereinafter stated against Westsound Bank, and therefore one or more officers of WSB Financial Group, Inc. had the same knowledge. Because of such knowledge, WSB Financial Group, Inc. is believed to be liable for damages jointly and severally with Westsound Bank, with respect to any damages that may be awarded to Plaintiffs against Westsound Bank.

**1.4.  <u>Aleksandr Kravchenko, Defendant.</u>**

Aleksandr Kravchenko, was a resident of the State of Washington at all times relevant to his participation in the activities alleged hereinafter that occurred in King County, Washington, including but not limited to the bringing Plaintiffs to Westsound Bank as potential borrowers, orally assisting Westsound Bank in arranging for the loans and closing of the two loans made by Westsound Bank to the Plaintiffs, which are the subject of this litigation, and other acts which show a pattern of repeated activity between Westsound Bank as the lending entity and payments of illegal fees paid by Westsound Bank to Aleksandr Kravchenko in violation of both federal and Washington State law, as more fully stated in paragraphs  .  Plaintiffs have reason to believe and do believe that Defendant Westsound Bank and one or more of its management knew that Aleksandr Kravchenko was being paid illegal

**Complaint**                        **- Page 3 -**

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
(425) 457-7666; (425) 457-7601 (FAX)

1  fees for the loans made to borrowers whom Aleksandr Kravchenko had brought to the Bank.

2  Defendant Aleksandr Kravchenko did business in King County with Westsound Bank as part

3  of a pattern of referring loan to Westsound Bank, such as in connection with the purchase

4  money and construction loans in the two parcels of real property owned by Plaintiffs, which

5  are part of the subjects of this lawsuit, well as other parcels of real property owned by others in

6  King County.  Plaintiffs understand and believe that Defendant Aleksandr Kravchenko would

7  normally be subject to service of process pursuant to the provisions of RCW 4.28.185 (1), (a)

8  and/or (b), provided he can be found and served process, subject also to meeting possible

9  requirements of International Conventions and Treaties.   Plaintiffs have reason to believe, do

10  believe and state that Aleksandr Kravchenko has left the United States to escape prosecution

11  for crimes related to his relationship with Westsound Bank, and is residing in hiding in a

12  foreign country.  Plaintiffs have not been able to obtain Defendant Aleksandr Kravchenko's

13  current residence address, and even if Plaintiffs are able to do so, Plaintiffs may not be able to

14  serve process personally on Defendant Aleksandr Kravchenko within a reasonable time, and

15  perhaps not at all.

        1.5.  Paul Fjelstad, trustee, Defendant.

16      Pail Fjelstad is named as trustee with respect to that certain deed of trust that

17  encumbers Lot 89 of Diamond Ridge Estates Division 2, as per plat recorded in volume 196 of

18  plats , pages 1 though 16, Records of King County, Washington, recorded in King County on

19  August 16, 2006 under King County Recording Number 20060816001364.  This lawsuit

20  names Paul Fjelstad, trustee as Defendant solely because he is a necessary party in order to

21  claim the relief of rescission of that deed of trust, and if necessary in the future to set aside any

22  trustee's deed he may issue in a non-judicial foreclosure sale.

**Complaint**                    - Page 4 -

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E, Suite 110
Bellevue, Washington 98004
(425) 457-7000; (425) 457-7001 (FAX)

## II. Factual Basis For Plaintiff's Claims.

### 2.1    First Loan Arrangements and Disclosures.

On or about July 20, 2006, Plaintiffs arranged to borrow money from Defendant Westsound Bank to acquire a particular parcel of real property on which to build a new personal residence for themselves.  Aleksandr Kravchenko introduced the Plaintiffs to the Westsound Bank with respect to their first loan application, and provided assistance in explaining the main provisions of the loan to Plaintiffs in Russian so that they could understand the loan terms.  Plaintiffs understood that Aleksandr Kravchenko had some kind of relationship with Westsound Bank, as he was always at the Federal Way Branch of Westsound Bank whenever they met with the branch manager or other bank employees.  The security for the loan was to be the lot the Plaintiffs were purchasing in a planned unit development plus the house that was to be built on that lot.  The commonly used street address of the lot was 33111 135th Place SE, Auburn, WA, 98092, the legal description of which is:

> Lot 89, Diamond Ridge Estates Division 2, as per plat recorded in volume 196 of plats, pages 1 through 16, records of King County, Washington.

The documentation provided by Westsound Bank and the escrow company selected by it, namely, Horizon Escrow at its office in Bellevue, WA was provided to Plaintiffs on or about August 10, 2006, when the note for the loan and deed of trust on the real property described above was signed by Plaintiff Husband.  Among the many documents provided to Plaintiffs at the time of signing were two documents of particular significance in support of Plaintiffs claims stated below, commonly known as (1) the HUD-1 Settlement Statement and (2) the Truth In Lending Disclosure Form.  The HUD-1 Settlement Statement contained a false disclosure of a payment of a "development fee" in the amount of $15,000.00 that plaintiff

Complaint                          - Page 5 -

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2150 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
(425) 467-7990; (425) 467-7991 (FAX)

borrowers understood was a disbursement to pay for either plans to their architect or similar expenses properly chargeable to Plaintiff borrowers. However, that initial disclosure in the HUD-1 Settlement Statement was discovered in late 2007 to be false, as more fully stated in Paragraph 2.3 of this Complaint below. Instead, Plaintiffs learned in late 2007 that the "development fee" of $15,000.00 was paid to Aleksandr Kravchenko or one of his closely held companies, as a kind of loan fee paid by Westsound Bank for Mr. Kravchenko's services in bringing the loan to Westsound Bank, as more fully stated below in Paragraph 2.3 of this Complaint, and thus was a part of the "cost" of obtaining the loan. At the time, Plaintiffs did not understand the significance of such facts as more fully stated in Paragraphs 2.3, 2.4, 2.5, 2.6 and 2.7 of this Complaint.

2.2. <u>Second Loan Arrangements and Disclosures.</u>

On or about April 11, 2007, Plaintiffs arranged to borrow money from Defendant Westsound Bank on a second loan to acquire a second parcel of real property in the same planned unit development on which to build a new residence intended for possible resale or investment. The security for the loan was to be the second lot the Plaintiffs were purchasing in the same planned unit development in which their first lot was located, plus the house to be built on the second lot. In addition to the purchase of the lot, the loan was for construction of the house to be built on the lot. The commonly used street address of the lot was 33028 138th Place SE, Auburn, WA, 98092, the legal description of which is:

> Lot 98, Diamond Ridge Estates Division 2, as per plat recorded in volume 196 of plats,
> pages 1 through 16, records of King County Washington.

The disclosure documentation provided by Westsound Bank and the escrow company selected by it, namely, Stewart Title, Escrow Department at its office in Renton, WA was provided to

**Complaint**                    **- Page 6 -**

1   Plaintiffs on April 12, 2007, at the time the note for the loan and deed of trust on the real

2   property described above, and other loan closing documents were signed by Plaintiffs husband

3   and wife. A number of additional documents were provided to Plaintiffs and dated effective

4   on that date related to the closing of the loan. Among the many documents provided to

5   Plaintiffs at the time of signing the loan closing documents were two documents of particular

6   significance in support of Plaintiffs claims stated below, commonly known as (1) the estimated

7   HUD-1 Settlement Statement dated 4-12-2007, 10:00 am, and (2) the Disbursement

8   Authorization Form approved by Plaintiff husband for disbursements out of closing by escrow.

    Insofar as Plaintiffs know the Disbursement Authorization Form was prepared by the Bank's

9   loan officer and Federal Way branch manager, Teresa Feller. It was dated April 12, 2007.

10  The estimated HUD-1 Settlement Form dated 4-12-2007 10:00 am did not disclose any

11  payment of a "Development Fee" to anyone. Furthermore the disbursements listed in the

12  Disbursement Authorization Form did not list any disbursement for a "Development Fee" to

13  anyone. Insofar as Plaintiffs recall they did not authorize disbursement of a "Development

14  Fee" in connection with either loan at the time the loans were funded. However, at least a day

15  or more after Plaintiffs had signed all loan closing documents on the second loan they received

16  an additional estimated HUD-1 Settlement Statement dated 4-13-2007 4:41 pm which they

17  understood was basically the same as the HUD-1 Settlement Statement dated 4-11-2007, 10:00

18  am. Unknown to Plaintiffs, the estimated HUD-1 Settlement Statement dated 4-13-2007 4:41

19  pm contained a reference to a disbursement called a "Development Fee" in the amount of

20  $15,000, which was charged to Plaintiffs as if it were an approved disbursement. The

21  disbursement and the identity of the recipient of the disbursement were not discovered by

22

Complaint                  - Page 7 -

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2850 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
(425) 457-7000; (425) 457-7001 (FAX)

1  Plaintiff Nikolay Kozlov until sometime in September or October 2007, as more fully stated in

2  Paragraph 2.3 of this Complaint, below.

3  ### 2.3. Discovery of False Disclosures by Westsound Bank
      ### In Cover-up of Payments to Aleksandr Kravchenko.

4  (A.) Sometime after the second loan had been funded, in April 2007, and after Mr.

5  Kozlov had returned from a trip to Russia in August 2007, sometime in the September or

6  October 2007, a brother-in-law of Plaintiff Nikolay Kozlov told him that he (Mr. Kozlov's

7  brother-in-law) had heard that Aleksandr Kravchenko had been receiving payments from the

8  proceeds of loans made by Westsound Bank to various borrowers in amounts that were at least

9  $10,000.00 and more commonly $15,000.00 for bringing borrowers to Westsound Bank; and

10  asked Nikolay Kozlov if he had paid such fees from his loan proceeds.   This occurred in the

11  context that they were discussing loan closing costs.  Nikolay Kozlov indicated that he was not

12  aware of any such fees being paid to Aleksandr Kravchenko from the proceeds of his loans

13  from Westsound Bank, but that he would check the "closing papers" to see if Mr.

14  Kravchenko's name appeared on any of the papers he had received that indicated that he had

15  received any of the loan funds that had been disbursed.

16  (B.) When Plaintiff Nikolay Kozlov checked the various HUD-1 settlement statements

17  he had received with regard to both loans, he noted that the first loan disbursements included a

18  payment of $15,000.00 payable to a company that he understood was the company of his

19  architect, and that he assumed it to be a payment to his architect who had designed his

20  proposed new residence for him.  However on checking with his architect, the architect

21  advised him that the architect's company had received no payment of funds in any amount

22  from Westsound Bank at any time.  Furthermore, Nikolay Kozlov noted with respect to the

**Complaint**                    **- Page 8 -**

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2208 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
(425) 467-7028; (425) 467-7981 (FAX)

1   second loan that the first "estimated" HUD-1 settlement statement dated 4/12/2007 10:00 am,

2   issued for the second loan from Westsound Bank contained no reference to any payment to

3   anyone in the amount of either $10,000.00 or $15,000.00.   However, the second "estimated"

4   HUD-1 Settlement Statement dated 4/13/2007 4:41pm, related to the second loan, (the HUD-1

5   Settlement Statement which Mr. Kozlov had received later, after he had signed all loan

6   documents on April 12, 2007,) contained a reference to a "Development Fee" payment to an

7   undisclosed recipient in the amount of $15,000.00.

8       (C.)   Thereafter, Nikolay Kozlov tried to reach Aleksandr Kravchenko, and after some

9   repeated phone calls he was able to reach Mr. Kravchenko on his cell phone.  Mr. Kravchenko

10  admitted to Nikolay Kozlov that Mr. Kravchenko had received a $15,000.00 payment "from

11  Westsound Bank" in payment for his efforts to refer Mr. Kozlov to Westsound Bank, and help

12  arrange the two loans made to Mr. Kozlov, and that this was Mr. Kravchenko's regular fee for

13  such services.  Mr. Kravchenko also told Mr. Kozlov that he (Mr. Kravchenko) had shared

14  some of the fees he received with representatives of Westsound Bank.   Mr. Kozlov did not

15  understand the significance of what he had been told by his brother-in-law and later by

16  Aleksandr Kravchenko in the September/October 2007 time frame.   Mr. Kozlov is essentially

17  a "stucco" specialty contractor, and does not purport to know or understand the significance of

18  misleading disclosures of loan closing costs under federal or state law, or what payments to

19  whom and for what purpose are acceptable, and what payments are not acceptable.

20      (D.)   Plaintiffs Kozlov met with legal counsel for the first time last week concerning

21  various information, and was provided legal advice based on the information provided by

22  Plaintiffs Kozlov at that meeting.   Plaintiffs do not waive or intend to waive their

23  attorney/client privilege by commenting on having met with their legal counsel, having

**Complaint**                    - Page 9 -

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2009 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
(425) 451-7500; (425) 451-7591 (FAX)

1  provided various information to their legal counsel, and having received legal advice from

2  their legal counsel.

3      ### III. PLAINTIFFS' FIRST CLAIM: VIOLATIONS OF RESPA

4      **3.1.  Re-allege Paragraphs 1.1, 1.2, 1.3, 1.4 and 2.1, 2.2 and 2.3 of Complaint.**

5      Plaintiffs reallege Paragraphs 1.1, 1.2, 1.3, 1.4 and 2.1, 2.2 and 2.3 of this Complaint as

6  part of Plaintiff's First Claim, as if fully set forth here.

7      **3.2.  Undisclosed Payment By Lender To Aleksandr Kravchenko**
          **Violates RESPA.**

8      The failure of Westsound Bank to provide accurate disclosure information to the

9  respective escrow closing agents, who prepared the various HUD-1 settlement statements, with

10  regard to disbursements of loan-related fees from loan proceeds on the two loans made to

11  Plaintiffs Kozlov was a violation of the federal Real Estate Settlement Procedures Act

12  (RESPA) 12 USC Sec. 2603.   In addition, the payment of the loan fees to Aleksandr

13  Kravchenko was a violation of RESPA, 12 USC Sec. 2607(a), for which Westsound Bank,

14  WSB Financial Group, Inc, and Aleksandr Kravchenko are jointly and severally liable for any

15  damages caused to Plaintiffs, and subject to possible treble damages pursuant to 12 USC 2607

16  (d).  The discovery of the violations did not occur until, at the earliest, Plaintiffs learned the

17  true facts, namely that Westsound Bank and Aleksandr Kravchenko had violated federal and

18  state law by their joint engagement in failure to make accurate disclosures, and making and

19  illegal payments to Aleksandr Kravchenko, and his acceptance of such payments.

20      ### V. PLAINTIFFS' SECOND CLAIM: VIOLATION OF TILA

21      **4.1.  Re-allege Paragraphs 1.1, 1.2, 1.3, 1.4 and 2.1, 2.2 and 2.3 of Complaint.**

22

Complaint                    - Page 10 -

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
(425) 457-7600; (425) 457-7901 (FAX)

1   Plaintiffs reallege Paragraphs 1.1, 1.2, 1.3, 1.4 and 2.1, 2.2 and 2.3 of this Complaint as

2   part of Plaintiff's Second Claim, as if fully set forth here.

3   **4.2.   Undisclosed Payments By Lender To Aleksandr Kravchenko**
        **Violates TILA.**

4   The failure of Westsound Bank to include the payments it authorized to be made from

5   loan proceeds in the loans it made to Plaintiffs Kozlov as disclosures to Plaintiffs Kozlov

6   before the date of closing of the respective loans was a violation of the federal Truth In

7   Lending Act, Sections 15 USC Sec. 1601, 1604, 1605, 1606, 1611, 1631, 1632, and

8   regulations related thereto.  As a result of the violations Plaintiffs Kozlov are entitled to claim

9   damages caused to Plaintiffs with respect to both loans, _and_ a right of rescission pursuant to 15

10  USC Sec. 1635with respect to the first loan, and particularly with respect to the note and deed

11  of trust related to the real property that secures the first loan, the commonly used address, and

12  legal description of which is:

13  Street address:  33111 135th Place SE, Auburn, WA, 98092,

14  Legal Description: Lot 89, Diamond Ridge Estates Division 2, as per plat recorded in

15  volume 196 of plats, pages 1 through 16, records of King County, Washington.

16  **4.3.   Notice of Rescission of First Loan and Deed of Trust to Westsound Bank**
        **and to Paul Fjelstad, Trustee, Defendants.**

17  Plaintiffs Kozlov hereby give notice to Westsound Bank, Defendant, and beneficiary of

18  the deed of trust described in Paragraphs 1.5 and 4.2 of this Complaint, above,  and to Paul

19  Fjelstad, trustee of said deed of trust, that Plaintiffs give notice in this lawsuit that the first loan

20  and the note and deed of trust that encumbers the real property described in Paragraphs 1.5 and

21  4.2, above is hereby rescinded; and request of  Paul Fjelstad, Trustee, Defendant herein, that

22  this real property not be sold at a pending trustee's sale because the deed of trust is hereby

**Complaint**                    **- Page 11 -**

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
(425) 457-7600; (425) 457-7601 (FAX)

1   made void pursuant to the claims in this lawsuit and the provisions of 15 USC Sec. 1635 and

2   the regulations related thereto, and thus the claims of debt for which the property would be

3   sold are both excessive and void.   Plaintiffs hereby gives notice to Paul Fjelstad, trustee, that

4   proceeding with any non-judicial foreclosure sale after receiving this notice may be a violation

5   of his fiduciary duties as trustee owed to Plaintiffs under Washington State law.

### V. PLAINTIFFS' THIRD CLAIM: VIOLATIONS OF WASHINGTON STATE LAW

6

7   **5.1.  Re-allege Paragraphs 1.1, 1.2, 1.3, 1.4, and 2.1, 2.2 and 2.3 of Complaint.**

8   Plaintiffs reallege Paragraphs 1.1, 1.2, 1.3, 1.4, and 2.1, 2.2 and 2.3 of this Complaint

9   as part of Plaintiff's Fourth Claim, as if fully set forth here.

10  **5.2.  Undisclosed Payments By Lender To Aleksandr Kravchenko Violates Washington State Law.**

11

12  Plaintiffs Kozlov have reason to believe, and do believe that the payments made by

13  Westsound Bank to Aleksandr Kravchenko of fees related to the two loans obtained by the

    Plaintiffs Kozlov from Westsound Bank are violations of Washington State law, including but

14

    not limited to violations of RCW 19.146.010 *et seq.* and the regulations related thereto, plus

15

    RCW 9A.68.060.  Such violations are criminal, and were made as part of a pattern of

16

    arrangements between Westsound Bank and Aleksandr Kravchenko compensate him for

17

    referring and bring loans to Westsound Bank as part of a join enterprise between them.  The

18

    entity used by the parties for the joint entries was Westsound Bank.

19

### VI. PLAINTIFFS' FOURTH CLAIM: VIOLATION OF RICO LAW

20

21  **6.1.  Re-allege Paragraphs 1.1, 1.2, 1.3, 1.4, 2.1, 2.2, 2.3, 3.1, 3.2, 4.1, 4.2, 5.1, and 5.2  of Complaint.**

22

Complaint                  - Page 12 -

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
(425) 457-7600; (425) 457-7601 (FAX)

1  Plaintiffs reallege Paragraphs 1.1, 1.2, 1.3, 1.4, 2.1, 2.2, 2.3, 3.1, 3.2, 4.1, 4.2, 5.1, and 5.2 of

2  this Complaint as part of Plaintiff's Fourth Claim, as if fully set forth here.

3      6.2.    Undisclosed Payments By Lender To Aleksandr Kravchenko
                Violates RICO Act.

4          Plaintiffs have reason to believe and do believe that the undisclosed payments made by

5  Westsound Bank to Aleksandr Kravchenko and/or his closely held companies, with respect to

6  the two loans made by Westsound Bank, Defendant to Plaintiffs Kozlov, as well as similar

7  kinds of payments that Plaintiffs Koslov have reason to believe were made by Westsound

8  Bank to Aleksandr Kravchenko with respect to similar loans made to other borrowers show a

9  pattern of racketeering activity prohibited by the federal RICO Act, 18, USC Sec. 1961, *et seq.*

10  including, but not limited to 18 USC Sec. 1962 (c), for the violations of which Plaintiffs

11  Kozlov are entitled to civil remedies pursuant to 18 USC Sec. 1964 (c), including but not

12  limited to civil damages in an amount to be proven at time of trial or dispositive motion, which

13  damages Plaintiffs request be trebled pursuant to 18 USC Sec. 1604 (C).

14      Wherefore, **Plaintiffs, Nikolay Kozlov and Nataliya Kozlova, request relief as**

15  **follows:**

16      Judgment jointly and severally against Westsound Bank, WSB Financial Group, Inc.,

17  and Aleksandr Kravchenko for:

18      (1)      Damages to be proven at time of trial or dispositive motion on each of the

19              four claims for damages stated in the Complaint above, which damages

20              shall be trebled pursuant to and as provided in the statutes cited in the

21              Complaint above; and

22

**Complaint**              **- Page 13 -**

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2009 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
(425) 457-7800; (425) 457-7801 (FAX)

(2)     Granting of the claim of Rescission of the first loan described in Paragraph 2.1, above, and various subsequent paragraphs, and as specifically requested in Paragraph 4.3 of the Complaint above; with refund of all interest paid, plus interest at 12% per annum from the date of payment of said interest by Plaintiffs until it is refunded; and

(3)     Such other relief as to the Court appears just and equitable under the circumstances.

Dated April 16, 2009.

Mueller & Associates, Inc. P.S.

*Edward L. Mueller*

Edward L. Mueller, WSBA # 264
Attorneys for Nikolay Kozlov and
Nataliya Kozlova, Plaintiffs

**Complaint**                    **- Page 14 -**

# EXHIBIT B

1

Hon. Richard F. McDermott
Date:        July 20, 2009
Without Oral Argument

2

3

4

5

6

7

*Court Use only above this line.*

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

9

10

NOKOLAY KOZLOV and NATALIYA
KOZLOVA, husband and wife,

11

Plaintiffs,

NO. 09-2-16144-5KNT

RSM

[PROPOSED] ORDER GRANTING
MOTION TO SUBSTITUTE FDIC
RECEIVER FOR DEFENDANT
WESTSOUND BANK

12

vs.

13

WESTSOUND BANK, a Washington State
chartered bank; WSB FINANCIAL GROUP,
INC., a Washington State corporation;
ALEKSANDR KRAVCHENKO, a former
resident of the State of Washington; and PAUL
FJELSTAD, Trustee,

14

15

16

17

Defendants.

18

THIS MATTER having come on regularly before the Court on FDIC's Motion to

19

Substitute FDIC Receiver for Defendant Westsound Bank, and the Court having considered the

20

files and records herein, the argument of counsel, and otherwise being fully advised in the

21

premises; now, therefore,

22

IT IS HEREBY ORDERED that

23

1.     FDIC's Motion to Substitute FDIC Receiver for Defendant Westsound

24

Bank is GRANTED;

25

2.     FDIC, acting as Receiver, is hereby substituted for Defendant Westsound

26

Bank effective immediately, and succeeds to all rights, titles, powers, and privileges of

[PROPOSED] ORDER GRANTING MOTION TO SUBSTITUTE FDIC
RECEIVER FOR DEFENDANT WESTSOUND BANK - 1
SEA_DOCS:931274.1 [30351-02100]
07/13/09

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eleventh floor
121 s.w. morrison street
portland, oregon 97204-3141
503 228 3939

ORIGINAL

1 | Westsound Bank in this cause.

2 |     DONE IN OPEN COURT this 21st day of July, 2009.

3

4

5 | Honorable    RICHARD F. McDERMOTT

6

7 | Presented by:

8 | GARVEY SCHUBERT BARER

9

10 | By

11 | Bruce A. McDermott, WSBA #18988
Attorneys for FDIC, acting as Receiver for
Westsound Bank
1191 Second Avenue, 18th Floor
Seattle, WA 98101
206-464-3939

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING MOTION TO SUBSTITUTE FDIC
RECEIVER FOR DEFENDANT WESTSOUND BANK - 2
SEA_DOCS:931274.1 [30351-02100]
07/8/09

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eleventh floor
121 s.w. morrison street
portland, oregon 97204-3141
503 228 3939