THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKOLAY KOZLOV, and NATALIYA KOZLOVA, husband and wife,<br><br>        Plaintiffs,<br><br>   v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for WESTSOUND BANK; and WSB FINANCIAL GROUP, INC.,<br><br>        Defendants. | Case No. C09-1109-JCC<br><br>ORDER |

This matter comes before the Court on Defendant WSB Financial Group, Inc.'s ("WSB's") motion for summary judgment (Dkt. No. 21) and Defendant Federal Deposit Insurance Corporation's ("FDIC's") motion for summary judgment (Dkt. No. 24). Plaintiffs failed to respond to either motion for summary judgment. Having thoroughly considered the parties' briefing and the relevant record, the Court grants the motions for summary judgment for the reasons explained herein.

WSB asserts that as the "parent bank holding company" of Westsound Bank—the bank with whom Plaintiffs borrowed money on two occasions to acquire parcels of real property (Compl. 13–16 (Dkt. No. 1))—it is not liable for the acts of its subsidiary (WSB's Mot. Summ. J. 1–2 (Dkt. No. 21)). FDIC, receiver for Westsound Bank, asserts that Plaintiffs' claims are time barred by the one-year statute of limitations under the Truth in Lending Act ("TILA") and

ORDER, C09-1109-JCC
PAGE - 1

the Real Estate Settlement Procedures Act (FDIC's Mot. Summ. J. 1 (Dkt. No. 24)) and that Plaintiffs waived their other claims by not properly seeking remedies before Westsound Bank foreclosed on the properties (*id.*). The Court considers Plaintiffs' failure to file a response to both motions as an admission that the motions have merit. *See* Local Rules W.D. Wash. 7(b)(2). Moreover, the record and case law support Defendants' positions. *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of our corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." (quotation marks omitted)); *Minton v. Ralston Purina Co.*, 47 P.3d 556, 397–98 (Wash. 2002) (citing *Bestfoods*); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (enforcing TILA's one-year statute of limitations even if it runs from the time the plaintiff discovered or should have discovered the acts constituting the alleged violation); 12 U.S.C. § 2614 (imposing a one-year statute of limitations for alleged violations of 12 U.S.C. § 2607); *In re Marriage of Kaseburg*, 108 P.3d 1278, 1285 (Wash. Ct. App 2005) ("A person waives the right to contest the underlying obligations on the property in foreclosure proceedings when there is no attempt to employ the presale remedies under RCW 61.24.130."). And Plaintiffs cannot rely merely on the assertions in their pleadings to overcome the motions for summary judgment. Fed. R. Civ. P. 56(e)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Accordingly, the Court GRANTS the motions for summary judgment (Dkt. Nos. 21, 24).

DATED this 23rd day of November, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER, C09-1109-JCC
PAGE - 2